Probate Court of Tuscarawas County.

IN RE ESTATE OF LATON S. CARNATHAN, DECEASED.

Decided March 15, 1928.

*T. M. Walter* and *J. F. Stephenson,* for the petitioner.
*Bowers & Bowers,* for the administrator.

LAMNECK, J.

On August 13, 1924, one Laton S. Carnathan and his wife, Vera Carnathan, entered into a *post* nuptial contract, whereby they agreed upon an immediate separation and to live separate and apart thereafter.

They mutually agreed to release the other from support and each released to the other all rights or claims by way of dower, inheritance, descent, distribution, allowance for year's support, right to remain in the mansion house, and all other rights or claims, whatsoever, in or to the estate of the other, whether real or personal, or whether then owned or thereafter acquired.

They also released to each other all claims or rights of dower or inheritance in and to all the real property of the other, whether then owned or thereafter acquired, and upon request they mutually agreed to execute and acknowledge any and all deeds or other instruments of release or conveyance to enable such other to sell, convey or otherwise dispose of his or her own real property, free from dower.

As a part consideration for said agreement, the husband, Laton S. Carnathan, paid to his wife the sum of $400 in cash, and the sum of $200 in installments of $5 per week, beginning the first calendar week after the date of the agreement.

In September, 1925, Mrs. Carnathan went abroad and remained there until August, 1926. From the time of her return until the middle of December, 1926, she lived with a sister in Dover, Ohio. During this interval, she and her husband made automobile trips together and frequently they would stay overnight in various hotels, occupying the same room. During December, 1926, Mr. Carnathan rented an apartment at 22104 Euclid Avenue, Cleveland, where his wife resided continuously until he met his death as a railroad brakeman in September, 1927. Mr. Carnathan rented and occupied a room in Dover, when he was in that city and when in Cleveland, he cohabited with his wife there, from the time he rented the apart-various persons in Cleveland, during this time, as his wife, and it is quite clear, from the evidence, that a reconcilia-

tion had taken place and marital relations resumed. The wife did not return the money paid to her by her husband under the separation agreement. Mr. Carnathan died intestate, leaving no children surviving.

At the request of the sisters of the deceased, the administrator of the estate did not recognize the claim of the wife to a year's support and to other statutory allowances on the ground that the separation agreement precluded her from making such a claim. This matter comes before the court on the motion of the wife to have appraisers appointed to set off to her a year's support and perform such other duties in her behalf as provided by statute.

Sections 10654, 10656 and 10657 of the General Code provide that the widow of a decedent has the following rights in his estate in addition to dower and distributive share:

1. The right to select household goods, live stock, tools, implements and utensils to the value of $500, or if such household goods, etc., are less than $500 in value, then the right to receive the balance in money.

2. The right to the wearing apparel, relics and heirlooms of the family, without appraisal, and ornaments, pictures and books not exceeding $200 in value.

3. Sufficient provisions or other property to support her for 12 months after the decedent's death, or if there is not sufficient or suitable property to be set off for support, then the right to receive the balance needed in money.

Section 8000 of the General Code provides that "a husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children, during the separation."

In conjunction with Section 7999, this section has been construed by our Supreme Court in the case of *Hoagland* v. *Hoagland,* 113 O. S., 228, to mean that a husband and wife contemplating separation could enter into a postnuptial agreement, contracting away their respective dower rights and distributive shares in the property of the other.

It is also well established in this state that "the mere expectancy or chance of succession of an heir apparent to

his ancestor's estate at his decease, is not the subject-matter of release or assignment at common law."

The right of a wife to the statutory allowances enumerated above out of her deceased husband's estate is an interest which is contingent only on survival that cannot be divested by the will of her husband. It is not a mere expectancy or chance of succession. It, therefore, would follow that a wife could enter into a separation agreement with her husband, contracting away her rights regarding these matters, as well as contracting away dower and distributive share. It, therefore, must be held that the agreement in this case as it pertains to these matters was valid when executed.

Consequently, it must be determined whether a separation agreement can be annulled and rescinded by a reconciliation and resumption of marital relations.

Under Section 8000 of the General Code, as interpreted by our Supreme Court, a husband and wife, living together, cannot enter into a post-nuptial contract. It is, therefore, apparent that when a husband and wife enter into a separation agreement, their reason for doing so is their inability to live together. When they resume marital relations, they do so on the basis of mutual forgiveness for past misconduct. The original cause for entering into the separation agreement ceases to exist. They impliedly, at least, form a new agreement which places them exactly where they would have been, if there had been no separation. They mutually repudiate the contract of separation by cohabitation.

Thus, the contract of separation must be deemed to be annulled and rescinded by a reconciliation and resumption of marital relations.

Neither is it necessary for the wife to restore to the husband the property or money, which she has received under the agreement. Where a husband becomes reconciled with his wife and resumes marital relations with her without requiring the return of money or property which she received from him under a separation agreement, the money or property becomes the separate estate of the wife.

An order will, accordingly, be made that appraisers be appointed as prayed for in the application.